**Shari WEINER, Plaintiff,**

v.

**The FLYER PUBLISHING COMPANY, Defendant.**

**No. 93–6845–CIV.**

United States District Court, S.D. Florida.

Oct. 11, 1996.

Gene Frank Reibman, Fort Lauderdale, FL, for Plaintiff.

Charles C. Papy, Jr., Sherry Weissenborn, Papy & Weissenborn, P.A., Coral Gables, FL, for Defendant.

## JUDGMENT AS A MATTER OF LAW IN FAVOR OF DEFENDANT

MORENO, District Judge.

This is a pregnancy discrimination case presented to a jury for its determination of whether the employee's termination was the result of her pregnancy.[1] Because the employee has failed to present sufficient evidence of intentional discrimination due to her pregnancy, the Court enters final judgment in favor of the employer pursuant to Fed. R.Civ.P. 50(a).

### FACTUAL BACKGROUND

On June 26, 1992, the employer, The Flyer Publishing Company, advised the employee, Shari Weiner, that her employment had been terminated for absence without notice from June 19 to June 26, 1992. The employee claimed that her husband, Joseph Weiner, informed the director of sales, Joel Welker, that she had suffered a miscarriage and that Welker expressed sorrow at the loss. Welker denied being notified by Weiner's husband of employee's miscarriage and further testified that if he had known about the miscarriage he would not have issued the discharge letter.

Welker authored the termination letter upon becoming aware that Ms. Weiner had cleared out her desk before the weekend and had advised her friend and co-worker Catherine Stein Kleinrichter that she was leaving and never coming back. Ms. Stein (now Kleinrichter) testified at trial that she asked Ms. Weiner on Friday whether she had advised The Flyer that she was leaving and Weiner replied "they will figure it out when I don't show up on Monday." At trial Weiner disputed Stein's version of the conversation.

As indicated by the Court in its written order denying the employer's motion for summary judgment on the termination, while granting it on the demotion and failure to

---

1. The Court has previously granted summary judgment on September 10, 1996 in favor of employer on employee's other Title VII claims alleging discrimination in demoting her and failing to give her a new position.

promote claims, there is a dispute as to whether notice was provided by the employee regarding her unfortunate miscarriage. At a jury trial the Court is precluded from deciding that factual dispute, but rather must accept the employee's version of the facts. The Court thereby found that Ms. Weiner had established a *prima facie* case of pregnancy discrimination.

On the other hand, the Court also found that the employer had presented, through witnesses Joel Welker, Catherine Stein Kleinrichter, James Hill and Theresa Taylor, a legitimate nondiscriminatory business reason for its action, i.e., formally terminating the employee's job due to her failure to return to work.

Other than this factual dispute on the notice of the miscarriage, the plaintiff has presented no evidence, direct or circumstantial, indicating that the employer intentionally discharged her because of her pregnancy. Thus the Court held that a jury's factual finding in favor of the employee on this sole factual dispute as to notice of the miscarriage is insufficient, without more, to sustain a verdict against the employer for intentional pregnancy discrimination. Judgment was accordingly entered in favor of defendant employer.

### *LEGAL ANALYSIS*

Fed.R.Civ.P. 50(a) provides that:

If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

■ The plaintiff has been fully heard. Plaintiff established through witnesses that she was an employee who was pregnant and eventually received a letter terminating her employment a few days after her unfortunate miscarriage. As the employee presented no direct evidence of discrimination based on pregnancy,[2] the circumstantial evidence test set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) applies.

■ The plaintiff must show that she 1) is a member of a protected class (here pregnant woman), 2) was qualified for the job from which she was fired, 3) was discharged despite her qualifications, and 4) was replaced by someone not pregnant. This fourth element is not an indispensable requirement in all cases, particularly those involving termination of employment.

The *McDonnell Douglas* test recognizes that direct evidence of intentional discrimination is often difficult to obtain. Where the plaintiff seeks to prove her case with direct evidence, the *McDonnell Douglas* test does not apply. Here the plaintiff presented no direct evidence of discrimination. Nevertheless the Court found that she has established a *prima facie* case of discrimination.

■ The burden then shifts to the employer to rebut the presumption of discrimination that the employee was fired for a legitimate, nondiscriminatory reason. Here the employer clearly set forth its reasons for issuing the discharge letter: the employee abandoned her post; cleared all her belongings, including photographs from her desk; indicated to a co-worker that she would never return; and, in fact, never returned.

■ The Court found that the employer met its burden, and thus the burden shifts back to the employee to prove that the proffered reason for the firing (the abandonment) was not the true reason for the decision to discharge. Once this burden of production shifts, the presumption analysis set out in *McDonnell Douglas* no longer applies. In other words, the plaintiff must prove intentional discrimination. However it is here that the factual dispute arises as to whether notice of the pregnancy and miscarriage was indeed provided by the employee to the em-

---

**2.** Congress added the Pregnancy Discrimination Act to Title VII, 42 U.S.C. § 2000e et seq., to include discrimination based upon pregnancy, childbirth or related medical condition under the rubric of discrimination because of sex.

ployer. In addition, there may be a need to clarify the legal significance of an employee disproving an employer's reason for the adverse employment action.

In *Isenbergh v. Knight–Ridder*, 97 F.3d 436 (11th Cir.1996), the court expressed legitimate concerns about apparent inconsistencies between *Walker v. NationsBank of Florida*, 53 F.3d 1548 (11th Cir.1995) and *Howard v. BP Oil Company*, 32 F.3d 520 (11th Cir.1994). In *Howard*, the court reversed a summary judgment ruling for the defendant where the record provided a basis to disbelieve the defendant's reasons for choosing other applicants. The *Howard* court found that the inconsistencies in the distributor's testimony for its decision to award a dealership to others rather than the black applicant precluded summary judgment.

The *Isenbergh* court was understandably troubled by the conclusion in *Howard* that "the fact finder's rejection of defendant's proffered reasons is sufficient circumstantial evidence upon which to base a judgment for the plaintiff." The undersigned, as the author of *Howard* while sitting by designation, assumes responsibility for the imprecise language that could lead one to conclude that it is sufficient for a plaintiff to simply create a dispute as to the defendant's reasons for its actions in order to allow a jury to reach a verdict. Such conclusion read in a vacuum could be perceived as inconsistent with *NationsBank*'s affirmance of a judgment as a matter of law despite plaintiff's contention that the employer's reasons were lies. However, *Howard* and *NationsBank* are neither inconsistent nor conflicting.[3]

*Howard*'s reversal of the summary judgment was based on the inconsistencies in the defendant's evidence "viewed in the context of unwritten criteria for the award of dealership and individualized rationale for individual decisions, articulated only after the fact." 32 F.3d at 526. The *Howard* plaintiffs supported their rejection of the defendant's proffered reasons by showing that these reasons were offered only after the adverse employ-

ment decision was rendered and were based on unwritten criteria. "We view these subjective and *ad hoc* criteria with greater scrutiny than we would if BP strictly followed written interview." *Id.* at 526.

In reiterating the holding of *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), the *Howard* court concluded that "a plaintiff withstands summary adjudication by producing *sufficient* evidence to allow a reasonable finder of fact to conclude that the defendant's articulated reasons for its decision are not believable." (32 F.3d at 526; emphasis added). The *Howard* court emphasizes that *Hicks* does not in any way alter the summary judgment burdens articulated in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *Id.* at 526. *Howard* followed *Hicks*, holding that once the defendant presents nondiscriminatory reasons for its actions, the plaintiff may demonstrate "through presentation of his own case and through cross examination of the defendant's witnesses, that the proffered reasons were not the true reason for the employment decision and that race was." *Id.* at 525 (emphasis added). The *Howard* panel clearly stated that sufficient evidence of intentional discrimination is always required even if the trier of fact disbelieves some of the stated reasons for the adverse employment action. No new interpretation of *Hicks* was announced by *Howard* as implied by *Isenbergh*. Rather, a traditional sufficiency of the evidence analysis was conducted, yielding the conclusion that there was enough evidence.

In *NationsBank*, the district court's finding of insufficient evidence of intentional discrimination was affirmed. *NationsBank*, in accordance with *Hicks*, indicated that rejection of an employer's proffered reasons, particularly if accompanied by a suspicion of mendacity, may, together with the elements of the *prima facie* case, suffice to show intentional discrimination. Hence, the evidence was sufficient in *Howard* but insufficient in *NationsBank* even though the plaintiff in *NationsBank* argued that the defendant's

---

**3.** As pointed out by *Isenbergh* in footnote 3, *Howard* is a summary judgment case, while *NationsBank* was a Rule 50 Judgment as a Matter of Law case. The instant case is also a Rule 50 Judgment as a Matter of Law case.

proffered reasons were lies. The law to be applied was the same, but the facts dictating the ruling were not.

In the instant case, Weiner argued that the defendant's claim of ignorance of plaintiff's pregnancy or miscarriage should not be believed. Even if so, the plaintiff must still show more than a scintilla of evidence of discrimination based on an illegal motive. *Verbraeken v. Westinghouse Electric Corp.*, 881 F.2d 1041 (11th Cir.1989); *Carter v. City of Miami*, 870 F.2d 578 (11th Cir.1989). Weiner failed to introduce any evidence that The Flyer Publishing Company fired her because she was pregnant and miscarried. Therefore Judgment as a Matter of Law is entered.